NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3518
_____

UNITED STATES OF AMERICA

v.

RANDALL WRIGHT,
                    Appellant
_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 5-09-cr-00270-002)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 5, 2015

Before:  FISHER, JORDAN and SHWARTZ, *Circuit Judges*.

(Filed:  August 20, 2015)
_____

OPINION[*]
_____

_____

    [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

FISHER, *Circuit Judge*.

Randall Wright appeals the District Court's denial of his suppression motion concerning physical evidence seized in the course of executing a search warrant at his apartment. We will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts that are necessary to our analysis.

In January 2009, Wright and his brother, who lived a block apart, were suspected of distributing marijuana. Jeffrey Taylor, a DEA Agent, presented an affidavit of probable cause to search the Wright brothers' residences on January 27, 2009. The affidavit reported that a confidential source working with the DEA had reason to believe the Wrights were high-volume marijuana dealers, and that the confidential source had corroborated this report by making two controlled purchases of marijuana from Wright.

The U.S. Attorney's Office prepared the search warrant application and a proposed search warrant. In the section to identify the location to be searched, the warrant listed the relevant address and stated "See Attachment A." The attachment described each brother's residence. In the section to identify the items to be seized, there was the phrase "See Attached Affidavit of Probable Cause." Both Attachment A and the affidavit of probable cause, which contained a list of items that could be seized, were attached to the

2

warrant application when it was provided to the Magistrate Judge, who approved the applications and signed the warrants and the attached affidavit.

Before the warrant was executed, however, the affidavit was removed at the request of the U.S. Attorney's Office and sealed in order to protect the ongoing investigation. Agent Taylor, who was organizing the execution of the warrant, received the final warrant but, presuming that it included an attachment that listed the items to be seized as usual, did not notice that it no longer included a list of items to be seized. He has stated that that he did not notice that the U.S. Attorney's Office failed to include an attachment listing the items to be seized, and that he assumed that the documents that were given to him were the documents he needed. He further asserted that he was certain, in his mind, that the warrants were valid. He also testified that he was familiar with the Fourth Amendment's particularity requirement, as he had been in law enforcement for sixteen years and had performed multiple searches and prepared numerous affidavits of probable cause by the time the search was conducted. Due to the mistake described above, however, the list of items to be seized was not present when the warrant was executed. The search was nevertheless conducted in conformity with the warrant, and there is no indication that any items not listed were seized.

Randall Wright and his brother were arrested at that time and charged with various drug and firearm offenses. The District Court granted a motion to suppress physical evidence seized in the course of the search because the warrant did not meet the Fourth

Amendment's particularity requirement. The Government appealed this ruling, and we vacated and remanded for findings of fact and further consideration of whether the exclusionary rule applied. On remand, the District Court denied the motion to suppress on the basis of the law enforcement officer's low level of culpability. Wright was subsequently convicted of all four counts against him and sentenced to, among other things, 90 months' incarceration. He appeals the denial of the suppression motion.[1]

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a motion to suppress for clear error as to the underlying factual findings, and exercise plenary review of the District Court's application of the law to those facts.[2]

## III.

## A.

Wright argues that the District Court erred in denying his suppression motion because it improperly evaluated Agent Taylor's culpability. According to Wright, the District Court arrived at this conclusion by misperceiving a distinction between the good faith exception and the exclusionary rule. Wright argues that this error led the District

---

[1] Wright's brother and co-defendant, Michael, was also convicted. He appealed the District Court's denial of his motion to suppress, which this Court affirmed. *United States v. Wright*, 777 F.3d 635 (3d Cir. 2015).

[2] *United States v. Perez*, 280 F.3d 318, 336 (3d Cir. 2002).

Court, when assessing Taylor's culpability, to ignore the missing list of items to be seized and Taylor's failure to review the warrant.

It is well-established that the exclusionary rule does not necessarily apply every time a Fourth Amendment violation occurs.[3] The exclusionary rule is not an individual right, but rather is applicable only where it results in appreciable deterrence.[4] Furthermore, the benefits of such deterrence must outweigh the costs.[5] Only police behavior that can be characterized as deliberate, reckless, or grossly negligent merits application of the exclusionary rule; merely negligent behavior does not.[6]

As the District Court correctly found, there is no evidence to support the allegation that Taylor's conduct was anything more than negligent. The warrants included the items to be seized and were therefore valid at the time they were approved by the Magistrate Judge. Taylor did not notice that the list of items was not attached to the warrants. There is no evidence to suggest that he was consciously aware of this error. Moreover, he appears to be familiar with the particularity requirement, having served as an officer for nearly sixteen years at the time of the search in question, and had been responsible for hundreds of state search warrants and numerous federal search warrants. In this case, he assured that the participating officers would search only for those items for which he had obtained judicial approval. Therefore, his mistake in not noticing that the warrant did not

---

[3] *Herring v. United States*, 555 U.S. 135, 140 (2009).
[4] *Id.* at 141.
[5] *Id.*
[6] *Davis v. United States*, 131 S. Ct. 2419, 2427 (2011).

include the list of items to be seized is at most negligent, as it arguably failed to measure up to the conduct of a reasonable person, and nothing more.

Wright further argues in his brief that the District Court relied on Taylor's subjective state of mind in assessing his culpability, rather than determining whether his conduct was objectively reasonable. This argument is unfounded. In fact, the District Court described in detail the applicable standard of care and correctly found that Taylor's conduct fit squarely within the definition of negligence. We agree with the District Court that Taylor's conduct was far from being grossly negligent; he did not know of the risk that the warrant was, in the condition he received it, defective nor did he act with the requisite level of carelessness.[7]

Furthermore, Wright does not present any viable argument as to why we should consider Taylor's conduct anything but negligent. And he does not address the deterrent impact of the exclusionary rule in this case, ignoring the Supreme Court's firm determination that deterrence must "be weighed against the substantial social costs

---

[7] *See United States v. Franz*, 772 F.3d 134 (3d Cir. 2014). In that case, the Government prepared the correct attachments to the warrant, but the agent mistakenly believed that he was not allowed to serve the attachments with the warrant. He instead gave the defendant an oral summary of the scope of the warrant. We held that this mistake was an instance of isolated negligence, even though the agent should have known that he was required to present the attachments. Therefore, we held that the exclusionary rule did not apply. Similarly, in our case, Taylor's mistake in not attaching the list of items to be seized to the warrant is an instance of isolated negligence that had no impact on the approval or execution of the search.

6

exacted by the exclusionary rule."[8] Sealing the affidavit in this case did not benefit the Government in any manner in the execution of the warrant. Under the circumstances, the presence of the affidavit at the scene of the searches would not have changed the searches that occurred; the officers would have obtained exactly the same evidence. There is simply not enough, if any, deterrent benefit to be had by suppressing the evidence under these circumstances.

Accordingly, the District Court did not err in denying Wright's suppression motion on this basis.

B.

Wright presents various arguments regarding other mistakes he alleges Taylor made, each of which supposedly contributes to Taylor's culpability. He contends that there was an error regarding the length of the relationship with the confidential source in the warrant affidavit, that Taylor misstated whether he personally received information from the confidential source, that Taylor misrepresented the confidential source's information, that Taylor misrepresented whether he had personally overheard a phone conversation, that the warrant was somewhat overbroad, and that the warrant was not sufficiently particular. Besides the obvious fact that many of these arguments were not made below and are therefore forfeited on appeal, we find each of them to be meritless. A close look at Taylor's testimony, as well as the face of the warrant itself and the list of

---

[8] *Herring*, 555 U.S. at 144 n.4 (internal quotation marks and citations omitted).

items to be seized and places to be searched, indicates that Taylor did not act wrongfully and the search warrant met all of the relevant legal requirements.

For example, with regard to the length of Taylor's relationship with the confidential source, Taylor credibly testified that this was the result of a typographical error. In addition, Taylor testified that he had relied on the confidential source's information as conveyed to him by other officers, in addition to his own interactions with the confidential source. Further, the affidavit clearly dispels the notion that Taylor misstated or misrepresented the facts about the investigation that Wright presses upon us. Finally, we note without deciding that even if Wright were correct as to each of these allegations, it likely would not impact the core determination of Taylor's culpability, the ultimate issue in deciding this suppression motion.

To the extent that these arguments were presented to the District Court, it did not err in finding them to be without merit.

## IV.

For the reasons set forth above, we will affirm the judgment of the District Court.